Veronica SATZ, as personal representative of the Estate of Marcos Satz, deceased, Plaintiff-Appellant,

v.

McDONNELL DOUGLAS CORPORATION, a corporation, Defendant-Appellee.

Maria Silvina Rumachella, as personal representative of the Estate of Viviana Teresita Rumachella, deceased, Plaintiff-Appellant,

v.

McDonnell Douglas Corporation, a corporation, Defendant-Appellee.

Leonor Andrea Alvarez, as personal representative of the Estate of Fernando Daniel Alvarez, deceased, Plaintiff-Appellant,

v.

McDonnell Douglas Corporation, Defendant-Appellee.

Laura Raquel Gimenez, as personal representative of the Estate of Celia Mazza, deceased, Plaintiff-Appellant,

v.

McDonnell Douglas Corporation, a corporation, Defendant-Appellee.

Daniel Jorge Vazquez, as personal representative of the Estate of Susana Ines Trotta, deceased, Plaintiff-Appellant,

v.

McDonnell Douglas Corporation, a corporation, Defendant-Appellee.

Nos. 00-11383, 00-11385, 00-11386, 00-11839 and 00-11840.

United States Court of Appeals,

Eleventh Circuit.

March 22, 2001.

Appeals from the United States District Court for the Southern District of Florida. (Nos. 99-01425-CV-SH, 98-02356-CV-SH, 98-02354-CV-SH, 99-01426-CV-SH, 98-02355-CV-SH), Shelby Highsmith, Judge.

Before TJOFLAT and DUBINA, Circuit Judges, and SHAPIRO[*], District Judge.

PER CURIAM:

Veronica Satz, personal representative of the Estate of Marcos Satz, deceased, and the four other plaintiffs in this action (all personal representatives) appeal the district court's order of dismissal upon the ground of *forum non conveniens.* We find no reversible error and therefore affirm.

---

[*]Honorable Norma L. Shapiro, U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.

I.

This case arises out of the crash of Austral Airlines Flight No. 2553 near Nuevo Berlin, Uruguay, on October 10, 1997. The flight originated in Posadas, Argentina, and was en route to Buenos Aires, Argentina. The crash killed all 74 persons on board, including the plaintiffs' decedents. Five personal representatives of the estates of the deceased passengers filed civil actions, based on diversity of citizenship, in the United States District Court for the Southern District of Florida.[1] Each plaintiff claimed that the defendant, McDonnell Douglas Corporation ("MDC"), was liable for the wrongful death of his or her decedent based on product liability for the defective design of the DC-9 model aircraft involved in the crash and MDC's negligence in the design, manufacture, assembly, sale, distribution, and provision of services to operators of the aircraft.

MDC, arguing that Argentina was the proper forum for the cases, moved to dismiss the actions based upon *forum non conveniens*. The district court granted MDC's motion to dismiss, and subsequently denied the plaintiffs' motions to reconsider and vacate. The plaintiffs filed timely notices of appeal to this court.

II.

"We review a dismissal based on *forum non conveniens* only for abuse of discretion." *Magnin v. Teledyne Continental Motors,* 91 F.3d 1424, 1429 (11th Cir.1996). When a district court "has considered all relevant public and private interest factors, and [when] its balancing of those factors is reasonable, its decision deserves substantial deference." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981).

The plaintiffs assert that the district court abused its discretion in this case because: it erred in finding that Argentina was an available and adequate alternative forum; it did not require MDC to prove that relevant factors weighed heavily in favor of the alternative forum; it did not balance private interest factors relevant to the instant case; and it considered public interest factors when private interest factors were in the plaintiffs' favor. We have held that "the [district] court abuses its discretion when it fails to balance the relevant factors. Thus, for example, where the court does not weigh the relative advantages of the respective forums but considers only the disadvantages of one, it has abused its discretion." *C.A. La Seguridad v.*

---

[1]Plaintiff Veronica Satz is a United States citizen residing in Argentina; Plaintiff Laura Gimenez is a citizen of Argentina residing in Florida; Plaintiffs Leonor Alvarez, Maria Rumachella, and Daniel Vazquez are citizens and residents of Argentina, as were all decedents. Defendant McDonnell Douglas Corporation is a Maryland corporation with its principal place of business in Washington.

*Transytur Line,* 707 F.2d 1304, 1308 (11th Cir.1983). It is not an abuse of discretion, however, if the district court does not issue a sufficiently detailed order. As long as "[w]e can discern the court's reasoning from its order and the record, ... that is all that is required in that respect." *Magnin,* 91 F.3d at 1431.

"A party moving to dismiss on the basis of *forum non conveniens* must demonstrate: (1) that an adequate alternative forum is available; and (2) that the private and public interest factors weigh in favor of dismissal." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.,* 119 F.3d 935, 951 (11th Cir.1997). The plaintiffs argue that Argentina is not an alternative forum, and that MDC therefore did not satisfy its burden of proof for dismissal.

The alternative forum prong of the analysis generally "will be satisfied when the defendant is amenable to process in the other jurisdiction." *Piper Aircraft,* 454 U.S. at 255 n. 22, 102 S.Ct. at 265 n. 22 (quotation and citation omitted). The plaintiffs assert that MDC is not amenable to process in Argentina, even if MDC consents to the jurisdiction of Argentina's courts. Plaintiff Leonor Alvarez submitted two affidavits from Professor Federico Videla Escalada, an expert on Argentine law, in support of her opposition to the motion to dismiss. In those affidavits, Escalada explained that "[in] the Argentine Republic there are no Courts with jurisdictional authority over MDC." Escalada pointed out that consent of the parties is an exception to the rule that the jurisdictional authority of Argentine courts cannot be extended, but that the "exception would be distorted if by virtue of a decision adopted at a foreign court one of the parties is forced to litigate at undesired courts." Escalada also stated that the "plaintiffs' constitutional rights would be violated" if they were "deprive[d] ... of their right to claim for damages to the judges that have jurisdiction over the domicile of [MDC]." The plaintiffs contend that Escalada's affidavits demonstrate that the Argentine courts cannot exercise jurisdiction over MDC, and that the affidavits are not contradicted by any evidence in the record. MDC responds by referring to the affidavit of Professor Atilio Anibal Alterini, which states that "Argentina would be an adequate, alternative forum"; this affidavit thus disputes Escalada's statements regarding Argentine law.[2] The district court stated that because MDC consented to the jurisdiction of the Argentine courts, its amenability to suit there was not an issue. We cannot find that the district court abused its discretion in finding that Argentina is an available alternative forum, as Alterini's affidavit provides

---

[2]Alterini's affidavit adopted the opinions of MDC's original expert, Professor Guillermo A. Borda. The magistrate judge struck the affidavits of Professor Borda and disqualified him as an expert for MDC, because Borda had a conflict of interest. The district court overruled the plaintiffs' objections to the admission of Alterini's affidavit.

adequate support in the record for that determination.[3]

The plaintiffs also argue that Argentina is not an adequate forum for this case. MDC argues that Alterini's affidavit establishes that Argentina is an adequate forum; MDC also asserts that the plaintiffs' concerns do not render Argentina inadequate as a forum.

An adequate forum need not be a perfect forum. While the alternative available forum requirement normally "will be satisfied when the defendant is 'amenable to process' in the other jurisdiction.... In rare circumstances ... where the remedy offered by the other forum is clearly unsatisfactory, the other forum may not be an adequate alternative...." *Piper Aircraft,* 454 U.S. at 255 n. 22, 102 S.Ct. at 265 n. 22 (citation omitted). The Supreme Court noted that a remedy is inadequate when it amounts to "no remedy at all." *Id.* at 254, 102 S.Ct. at 265. There is adequate support in the record that the remedies available to the plaintiffs in Argentina are neither "clearly unsatisfactory" nor do they amount to "no remedy at all." The plaintiffs' concerns about Argentine filing fees, the lack of discovery in Argentine courts, and their fear of delays in the Argentine courts do not render Argentina an inadequate forum. "[S]ome inconvenience or the unavailability of beneficial litigation procedures similar to those available in the federal district courts does not render an alternative forum inadequate." *Borden, Inc. v. Meiji Milk Prods. Co.,* 919 F.2d 822, 829 (2d Cir.1990) (quotation omitted). Further, the district court conditioned its order of dismissal on MDC consenting to any Argentine judgment against it, agreeing to conduct all discovery in accordance with the Federal Rules of Civil Procedure, and voluntarily producing documents and witnesses within the United States. Thus, the district court did not abuse its discretion in finding that Argentina is an adequate forum for this case.

Because we find that the district court did not abuse its discretion in finding that Argentina is an available and adequate alternative forum, we turn to whether the district court abused its discretion in balancing the private and public factors. The plaintiffs argue that the district court failed to balance all of the private factors and only considered MDC's claims of inconvenience in litigating in Florida. We disagree. "Relevant private factors include the relative ease of access to sources of proof, ability to obtain witnesses,

---

[3]Plaintiffs contend in their brief to this court that "Argentina also is not an available forum because the forum non conveniens doctrine presupposes at least two forums in which a defendant is amenable to process ..., and the critical inquiry is whether there were two available forums *at the time plaintiffs brought these suits.*" (emphasis added). This argument fails because it misstates the law in this circuit; the forum need only be available at the time of *dismissal. See Magnin,* 91 F.3d at 1429 ("[T]he defendants agreed [as a condition of dismissal] to submit to the jurisdiction of an alternative forum (in France), rendering that forum available.") (citing *Veba-Chemie A.G. v. M/V Getafix,* 711 F.2d 1243, 1248 (5th Cir.1983) (holding that, for purposes of *forum non conveniens,* "availability [of an alternative forum] refers only to the time of dismissal")).

and 'all other practical problems that make trial of a case easy, expeditious and inexpensive.' " *Republic of Panama,* 119 F.3d at 952 (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947)). In this case, the record supports that the district court was aware of the plaintiffs' private interests in litigating in the United States, such as its claims that all of the evidence relevant to its product liability and negligence claims was located in the United States. The district court balanced these claims against MDC's claims that the evidence related to its proposed defenses—such as negligent maintenance of the aircraft and pilot error—was located in Argentina.[4] The district court concluded that the crash wreckage, witnesses, and important documentary evidence were located in Argentina and Uruguay, and that Argentina was therefore the more convenient forum for this case. This is not an unreasonable conclusion, and the district court did not abuse its discretion in finding that the private factors weighed in favor of dismissal.

"Relevant public interest factors include the sovereigns' interests in deciding the dispute, the administrative burdens posed by trial, and the need to apply foreign law." *Id.* at 953. The district court found that the public interest factors weighed in favor of dismissal, and we agree. Argentina's interest in deciding this dispute are stronger than the United States' interest. Almost all of the passengers on the flight were Argentine citizens, none of the passengers were citizens of the United States, and Austral is an Argentine airline that does not operate in the United States. "[T]here is 'a local interest in having localized controversies decided at home.' " *Piper Aircraft,* 454 U.S. at 260, 102 S.Ct. at 268 (quoting *Gilbert,* 330 U.S. at 509, 67 S.Ct. at 843). Further, there is a possibility that the district court would have to apply Argentine law to decide this case. Given the foregoing, the district court did not abuse its discretion in finding the public factors weighed in favor of dismissal.

III.

The district court did not abuse its discretion in finding that Argentina is an available and adequate alternative forum, or in finding that the private and public interest factors weigh in favor of dismissal. Therefore, we AFFIRM the district court's order to dismiss this case based on *forum non conveniens.*

AFFIRMED.

---

[4]In the same vein, we note that MDC would likely suffer prejudice if it were the sole defendant in a lawsuit in the United States while other, potentially culpable, defendants were sued in Argentina. MDC intends to avoid liability by arguing that other entities were responsible for the air crash. Such an accusation is surely less persuasive when aimed at a set of empty chairs. If a Southern District of Florida jury ultimately looked to place blame at the defense table, it would have available only one, rather than several, defendants to bear the brunt of its verdict and damage award.